NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MAURICE PATTERSON, *Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA, *Defendant/Appellee*.

No. 1 CA-CV 13-0267
FILED 5-13-2014

Appeal from the Superior Court in Maricopa County
No. CV2012-008094
The Honorable Arthur T. Anderson, Judge

**AFFIRMED**

COUNSEL

Maurice Patterson, Phoenix
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Michael E. Gottfried
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

**O R O Z C O**, Presiding Judge:

**¶1**          Maurice Patterson appeals from the dismissal of his state and federal claims against Appellee, State of Arizona (the State).  For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**          While on parole, Patterson tested positive for cocaine use. Four days later, the Arizona Department of Corrections ("ADOC") issued a warrant for his arrest, and Patterson was arrested and returned to ADOC's custody on April 2, 2012.  ADOC ultimately released Patterson, after his sentence expired, without holding a hearing on his alleged parole violation.

**¶3**          On May 21, 2012, Patterson filed (1) a notice of claim with Arizona's Department of Risk Management demanding $25,000, and (2) a complaint against the Arizona State Risk Management Division in Maricopa County Superior Court alleging state and federal claims and requesting declaratory relief and punitive damages.  With leave of court, Patterson amended the complaint on August 20, 2012, this time requesting compensatory damages, punitive damages, and declaratory relief against the State.

**¶4**          The State moved to dismiss Patterson's amended complaint, arguing that he had failed to comply with Arizona Revised Statutes (A.R.S.) section 12-821.01 (Supp. 2013)[1] and that he had failed to state a claim.  After further briefing, the trial court granted the State's motion and dismissed the amended complaint.  This appeal followed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 12-120.21 (2003), and -2101.A.1 (Supp. 2013).

## DISCUSSION

**¶5**          Patterson's pro se Opening Brief fails to comply with the Arizona Rules of Civil Appellate Procedure.  *See* ARCAP 13(a)(4) and 13(a)(6) (an opening brief must include citation to relevant portions of the record, as well as an argument supported by citations to authorities and parts of the record relied upon, and reasons supporting the contentions).  A  failure  to  properly  raise  an  argument  on  appeal,  under  most

_____

[1]          Absent a material revision, we cite the most current version of a statute.

circumstances, results in its waiver. *See Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167, 920 P.2d 41, 47 (App. 1996).

**¶6**   We construe Patterson's Opening Brief as raising (1) claims under state law, and (2) claims under 42 U.S.C. § 1983 (2012). We address the dismissal of these claims.

I.  State Law Claims

**¶7**   Patterson challenges the dismissal of his claims for failure to comply with the notice of claim statute. During briefing before the trial court in regard to the State's Motion to Dismiss, the State attached a document not otherwise a part of the pleadings affirming Patterson did not serve his notice of claim on the Attorney General. The trial court's consideration of that document converted the State's motion to one for summary judgment. *See* Ariz. R. Civ. P. 12(b); *see also Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 59, ¶ 9, 234 P.3d 623, 627 (App. 2010).

**¶8**   We therefore treat the dismissal as a grant of summary judgment subject to de novo review. *See Yollin v. City of Glendale*, 219 Ariz. 24, 27, ¶ 6, 191 P.3d 1040, 1043 (App. 2008). In addition, we construe all facts in favor of Patterson and affirm only if there is no genuine issue of material fact and the State is entitled to judgment as a matter of law. *Id.*

**¶9**   The trial court based its dismissal on Patterson's failure to comply with Arizona's notice of claim statute, which requires plaintiffs with "claims against a public entity or a public employee" to file a notice of claim within 180 days of accrual. A.R.S. § 12-821.01.A; *see generally* A.R.S. § 12-820.7 (Supp. 2013) (Public entity "includes this state . . . ."). We first consider whether Patterson satisfied the notice of claim statute's requirements for his state claims for (1) negligence and (2) violations of A.R.S. §§ 31-415, -412, and ADOC Orders 709.03.14 and 1002.

**¶10**   Prior to suing a public entity for damages, a claimant must file a notice of claim with the "person or persons authorized to accept service for [the public entity] as set forth" in the Arizona Rules of Civil Procedure. *Falcon ex rel. Sandoval v. Maricopa Cnty.*, 213 Ariz. 525, 526, ¶ 5, 144 P.3d 1254, 1255 (2006) (quoting A.R.S. § 12-821.01.A) (internal quotation marks omitted). Compliance with the notice provision is a "mandatory and essential prerequisite to [filing] such an action." *Harris v. Cochise Health Sys.*, 215 Ariz. 344, 351, ¶ 25, 160 P.3d 223, 230 (App. 2007) (internal citations and quotation marks omitted).

¶11        Rule 4.1(h)(1) states that the Attorney General is authorized to accept service for the State. Patterson never claimed to have served the Attorney General, and instead forwarded his claim to Risk Management. Moreover, the Attorney General's Office affirms it never received a notice of claim from Patterson. Having never served a notice of claim upon the Attorney General, Patterson's service upon the State is ineffective and, consequently, Patterson's state law claims are barred. *See Slaughter v. Maricopa Cnty.*, 227 Ariz. 323, 325-26, ¶¶ 10-12, 258 P.3d 141, 143-44 (App. 2011) (holding that the failure to serve the notice of claim on the Attorney General barred claims against the State); *cf. Batty v. Glendale Union High Sch. Dist. No. 205*, 221 Ariz. 592, 594-95, ¶¶ 7-11, 212 P.3d 930, 933-34 (App. 2009) (affirming summary judgment in school district's favor because the plaintiff had failed to serve a claim notice on each individual board member).

¶12        Patterson nevertheless argues his damages claim was not ripe or had not yet accrued. We reject the argument. Patterson's notice of claim, attached to the response to the motion to dismiss, dispels any doubt that his claim for damages accrued in April 2012. At that point, Patterson possessed the "minimum requisite of knowledge" of the content of the warrant and the fact that he was re-incarcerated. *See Thompson v. Pima Cnty.*, 226 Ariz. 42, 46, ¶ 12, 243 P.3d 1024, 1028 (App. 2010*); Little v. State*, 225 Ariz. 466, 470, ¶¶ 12-13, 240 P.3d 861, 865 (App. 2010) (rejecting argument that a cause of action for medical malpractice did not accrue until the Board of Medical Examiners made its final ruling). This holding obviates the need to address the parties' remaining arguments concerning the notice of claim statute.

II.    Federal Claims

¶13        Patterson also alleged several claims against the State for violations of the United States Constitution. To the extent these claims may constitute § 1983 claims, the notice of claim statute is inapplicable. *See Morgan v. City of Phoenix*, 162 Ariz. 581, 584, 785 P.2d 101, 104 (App. 1989).

¶14        To state a claim for relief in a § 1983 action, a plaintiff must establish that a "person" acting under color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *see Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). A state is not a "person" under § 1983, and consequently cannot be a proper party to a state court action brought under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Garcia v. State*, 159 Ariz. 487, 488, 768

P.2d 649, 650 (App. 1988). Likewise, "[t]here is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

## CONCLUSION

**¶15** Based upon Patterson's admissions and other undisputed material facts, we affirm the superior court's dismissal order.



Ruth A. Willingham · Clerk of the Court
FILED: MJT