**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES MARTIN HOUSTON,

    Plaintiff - Appellant,

  v.

ARIZONA STATE BOARD OF
EDUCATION, a political sub-division of
the State of Arizona; et al.,

    Defendants - Appellees.

No. 12-15547

D.C. No. 3:10-cv-08160-GMS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted June 12, 2014[**]

Before:  McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

  James Martin Houston appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims arising

from the denial of a reciprocal teaching certification. We have jurisdiction under

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo. *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008) (dismissal as barred by the applicable statute of limitations); *Kahle v. Gonzales*, 487 F.3d 697, 699 (9th Cir. 2007) (dismissal for failure to state a claim). We affirm.

The district court properly dismissed Houston's § 1983 claims as barred by the applicable two-year statute of limitations. *See* Ariz. Rev. Stat. § 12-542(1) (two-year statute of limitations for personal injury actions); *Knox v. Davis*, 260 F.3d 1009, 1012-13 (9th Cir. 2001) (for § 1983 claims, federal courts apply the forum state's personal injury statute of limitations and federal law for determining accrual; a § 1983 claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of the action).

Contrary to Houston's contention, Houston is not entitled to equitable tolling. *See Wallace v. Kato*, 549 U.S. 384, 394 (2007) (federal courts look to state law provisions for tolling the limitations period); *Little v. State*, 240 P.3d 861, 867 (Ariz. Ct. App. 2010) ("Equitable tolling applies only in extraordinary circumstances and not to a garden variety claim of excusable neglect." (citation and internal quotation marks omitted)); *see also Patsy v. Bd. of Regents*, 457 U.S. 496, 516 (1982) (exhaustion of state administrative remedies is not a prerequisite to bringing a § 1983 action).

The district court properly dismissed Houston's state law abuse of process claim because Houston failed to allege any judicial process. *See Crackel v. Allstate Ins. Co.*, 92 P.3d 882, 887 (Ariz. Ct. App. 2004) (abuse of process requires a specific, judicially sanctioned process).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**