**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUL 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN LEE TUCKER, a married man; GAIL TUCKER, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> ARIZONA DEPARTMENT OF CORRECTIONS; et al., <br><br> Defendants-Appellees. | No. 19-15873 <br><br> D.C. No. 4:17-cv-00192-CKJ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted July 14, 2020[**]

Before:     CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Arizona state parolee Steven Lee Tucker and his wife, Gail Tucker, appeal

pro se from the district court's judgment dismissing their 42 U.S.C. § 1983 action

alleging federal and state law claims.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm in part, reverse in part, and remand.

The district court properly dismissed plaintiffs' claims against the State of Arizona, the Arizona Department of Corrections, and the officers in their official capacities as barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982) ("Eleventh Amendment immunity extends to actions against state officers sued in their official capacities because such actions are, in essence, actions against the governmental entity[.]").

The district court properly dismissed plaintiffs' claims against Ryan in his individual capacity because plaintiffs failed to allege facts sufficient to show that Ryan personally participated in or caused the alleged violations. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (liability under § 1983 requires personal participation by the defendant in the alleged rights deprivation); *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (elements for supervisory liability under § 1983).

The district court properly dismissed plaintiffs' state law claims because

plaintiffs failed to file a required Notice of Claim within 180 days after their causes of action accrued, and plaintiffs failed to allege facts sufficient to show that equitable tolling applies. *See* Ariz. Rev. Stat. § 12-821.01(A) ("Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon."); *Simon v. Maricopa Med. Ctr.*, 234 P.3d 623, 630 (Ariz. 2010) (requiring "strict compliance" with the statute); *Little v. State*, 240 P.3d 861, 867 (Ariz. Ct. App. 2010) (equitable tolling applies only in "extraordinary circumstances" (citation and internal quotation marks omitted)).

The district court properly dismissed plaintiffs' claims in counts 10 through 13 on the basis of qualified immunity because, at the time of the search in 2015, it would not have been clear to every reasonable prison official that the search was unlawful under the circumstances. *See Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam) (discussing qualified immunity and explaining that a "clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right" and "existing precedent must have placed the statutory or constitutional question beyond debate" (citations and internal quotation marks omitted)).

The district court properly dismissed plaintiffs' claims in counts 20 through 26, and 28 because the officers are entitled to absolute immunity for the imposition of the challenged parole conditions. *See Thornton v. Brown*, 757 F.3d 834, 840

19-15873

(9th Cir. 2014) (parole officers are entitled to absolute immunity against claims for damages arising from imposition of parole conditions).

To the extent plaintiffs alleged § 1983 negligence and gross negligence claims on the basis of conduct beyond those encompassed by plaintiffs' Fourth Amendment claims, the district court properly dismissed such claims. *See Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (for a § 1983 claim, a plaintiff must plead that the defendant deprived the plaintiff of "rights secured by the Constitution or federal statutes").

The district court did not abuse its discretion by dismissing the foregoing claims without leave to amend because amendment would have been futile. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (setting forth standard of review and factors for determining whether to grant leave to amend).

The district court dismissed plaintiffs' false arrest and imprisonment claims in counts 15 through 17 because the officers reasonably believed Mr. Tucker was in violation of his parole. However, plaintiffs alleged that Mr. Tucker was not subject to parole condition 13(F) and that the officers were aware of this when they arrested him for violation of this condition. These allegations are sufficient to state a claim. *See United States v. Rabb*, 752 F.2d 1320, 1324 (9th Cir. 1984) (a parole officer may arrest a parolee if the parole officer "reasonably believes [the] parolee is in violation of his parole"), *abrogated in part on other grounds by Bourjaily v.*

4                                                                                          19-15873

*United States*, 483 U.S. 171 (1987); *see also Hebbe*, 627 F.3d at 342 (explaining that "where the petitioner is pro se, particularly in civil rights cases, [courts should] construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt" (citation and internal quotation marks omitted)).  We therefore reverse the judgment as to plaintiffs' claims in counts 15 through 17 only and remand for further proceedings.

The district court did not err by denying plaintiffs' request for leave to attach the audio recording as an exhibit to their response to defendants' motion to dismiss.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989) ("Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Plaintiffs' motion to strike (Docket Entry No. 22) is denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**