NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JESSIE LEWIS, *Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA, et al., *Defendants/Appellees*.

No. 1 CA-CV 20-0285
FILED 3-16-2021

Appeal from the Superior Court in Maricopa County
No. CV2019-094250
The Honorable David J. Palmer, Judge

**AFFIRMED**

COUNSEL

Jessie Lewis, Florence
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Lindsey Gilman, Connie Tororica Gould
*Counsel for Defendants/Appellees State of Arizona and Mark Brnovich*

Phoenix City Attorney's Office, Phoenix
By Leslie S. Tuskai
*Counsel for Defendants/Appellees Dusten Mullen and Jeri Williams*

---

**MEMORANDUM DECISION**

---

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Cynthia J. Bailey joined.

---

**W I N T H R O P**, Judge:

**¶1**         Jessie Lewis appeals the superior court's dismissal of his claims against the State of Arizona and Attorney General Mark Brnovich (collectively, "the State Defendants") and against Phoenix Chief of Police Jeri Williams and Phoenix police officer Dusten Mullen (collectively, "the City Defendants"). Because Lewis did not properly file a notice of claim in compliance with Arizona Revised Statutes ("A.R.S.") section 12-821.01, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**         In 2015, Lewis was convicted of Misconduct Involving Weapons, a class 4 felony with six prior felony convictions, and sentenced to eleven years in prison. This court reviewed and affirmed Lewis' 2015 conviction and sentence. *State v. Lewis*, 1 CA-CR 15-0301, 2016 WL 4045317 (Ariz. App. July 28, 2016) (mem. decision). In 2017, Lewis sought *habeas corpus* relief in the federal district court, which was denied in February 2018. His request for a certificate of appealability from that denial was likewise rejected by the Ninth Circuit in July 2018. The allegations in this civil action arise from Lewis' arrest, trial, and conviction in the 2015 criminal case.

**¶3**         In July 2019, Lewis filed a civil complaint in Maricopa County Superior Court alleging several public employees conspired to falsify and tamper with the evidence in the 2015 criminal case and took actions that violated his state and federal constitutional rights. The State Defendants removed the action to federal court, following which, Lewis filed a first amended complaint ("FAC") in which he dropped his federal claims. The district court remanded the action back to the superior court.

**¶4**         In his FAC, Lewis alleged the Defendants (1) violated Article 2, Section 4, of the Arizona Constitution by failing to allow him to obtain certain evidence in the 2015 case and thus depriving him of his right to due process, (2) committed "fraud" in violation of A.R.S. §§ 13-2311, -2407 by offering a redacted version of an exhibit, which was then admitted at trial

2

over Lewis' objection, (3) violated Article 2, Section 12, of the Arizona Constitution by committing "fraud" that deprived him of "his religious freedom, regarding [the unredacted Exhibit] and March 19th of 2015 trial transcript," and (4) violated Article 2, Section 26, of the Arizona Constitution by failing to formally provide him notice that he was a prohibited possessor pursuant to A.R.S. § 13-3101(A)(7) and/or hold an appropriate hearing as to the applicability of such statute, thus depriving him of his right to bear arms.

**¶5**      The State Defendants moved to dismiss and argued, among other things, that Lewis had not served them with a timely notice of claim and had failed to serve defendant Brnovich personally.  The City Defendants joined in that motion and additionally noted that Lewis had failed to serve defendants Mullen and Williams personally.  In April 2020, the superior court dismissed Lewis' complaint, with prejudice, against the Defendants.  The court found that Lewis had not filed a valid, timely notice of claim as to any of the Defendants and that Lewis' claims against all Defendants were untimely pursuant to A.R.S. § 12-821.

**¶6**      Lewis filed a timely notice of appeal, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

### ANALYSIS

### I.      *Standard of Review*

**¶7**      As a preliminary matter, we note the Defendants attached several documents in connection with the motion to dismiss, including sworn declarations in support of their notice-of-claim defense.[1]  These documents converted the motion to dismiss into one for summary judgment.  *See* Ariz. R. Civ. P. ("Rule") 12(d) ("If, on a motion under Rule 12(b)(6) or (c), matters outside the pleadings are presented to, and not excluded by, the court, the motion must be treated as one for summary judgment under Rule 56."); *see also Vasquez v. State*, 220 Ariz. 304, 308, ¶ 8 (App. 2008).  Accordingly, we review the judgment *de novo* and will only affirm if there is no genuine issue of material fact, viewing the facts in the light most favorable to the party against whom judgment is entered.  *See*

---

[1]      Although the superior court does not mention the attached documents specifically in the order granting Defendants' motion to dismiss, the court stated it reviewed "the record in this matter, including the pleadings filed" relative to the notice-of-claim issue.  Based on this, we infer the superior court did consider the attachments.

*Yollin v. City of Glendale*, 219 Ariz. 24, 27, ¶ 6 (App. 2008); *Mousa v. Saba*, 222 Ariz. 581, 585, ¶ 15 (App. 2009); *see also Jones v. Cochise Cnty.*, 218 Ariz. 372, 375, ¶ 7 (App. 2008) ("We review de novo a trial court's determination that a party's notice of claim failed to comply with [A.R.S.] § 12-821.01.").

## II. Notice of Claim Pursuant to A.R.S. § 12-821.01

**¶8** A person with a claim against a public entity or public employee must file a notice of claim with the public entity "within one hundred eighty days after the cause of action accrues." A.R.S. § 12-821.01(A). If a proper notice "is not filed within one hundred eighty days after the cause of action accrues," then the claim "is barred and no action may be maintained thereon." *Id.*

**¶9** Here, Lewis alleges he mailed a notice of claim to the State Defendants in November 2018 and the City Defendants in January 2019. All claims asserted by Lewis in his FAC, *supra* ¶ 4, arise out of and occurred in connection with his 2015 criminal trial and conviction. Thus, irrespective of any other deficiencies in the notices of claim, the notices were inadequate as a matter of law because they were provided far outside the 180-day window mandated by A.R.S. § 12-821.01(A).

**¶10** Lewis argues the notices of claim were timely because he did not realize he had been damaged until July 13, 2018, when the Ninth Circuit Court of Appeals denied a certificate of appealability in his *habeas corpus* proceeding. We disagree. A cause of action pursuant to A.R.S. § 12-821.01 accrues "when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." A.R.S. § 12-821.01(B). In other words, the cause of action accrues when the damaged party reasonably knows what the injury is and who caused it. *See Lawhon v. L.B.J. Institutional Supply, Inc.*, 159 Ariz. 179, 183 (App. 1988); *see also Little v. State*, 225 Ariz. 466, 469, ¶ 9 (App. 2010) (explaining "accrual" under A.R.S. § 12-821.01 "is construed in accordance with the common law discovery rule").

**¶11** Lewis' FAC claims revolve around access to and admission of certain evidence and other events during his 2015 criminal case, which he alleges resulted in the deprivation of his constitutional rights. Lewis was sentenced to prison on May 1, 2015. At that point, he either knew or reasonably should have known about any injury related to the actions taken during the trial, including submission of exhibits and evidentiary rulings, and the deprivation of rights resulting from his conviction and sentence.

Accordingly, as a matter of law, any cause of action arising out of such events accrued no later than one hundred eighty days after the date of his sentencing, i.e., no later than October 28, 2015. This remains true even though Lewis did not find out until July 13, 2018, that the Ninth Circuit Court of Appeals had denied his request for a certificate of appealability from the denial of *habeas corpus* relief.

**¶12**     Therefore, Lewis' notices of claim were untimely and statutorily barred. *See* A.R.S. § 12-821.01(A). The superior court did not err.[2]

## CONCLUSION

**¶13**     For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA

---

[2]     Because we may affirm summary judgment if it is correct for any reason supported by the record, we do not address other deficiencies in the notices of claim nor address Lewis' failure to comply with the one-year statute of limitations for actions against a public entity or public employee mandated by A.R.S. § 12-821. *See KB Home Tucson, Inc. v. Charter Oak Fire Ins. Co.*, 236 Ariz. 326, 329, ¶ 14 (App. 2014).