NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ADRIAN BARRERAS, *Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA, *Defendant/Appellee*.

No. 1 CA-CV 23-0453
FILED 4-9-2024

Appeal from the Superior Court in Maricopa County
Nos.  CV2021-013380 and CV2021-094278
The Honorable Joan M. Sinclair, Judge

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED**

COUNSEL

Napier Baillie Wilson Bacon & Tallone, PC, Phoenix
By Michael Napier, Juliana Betina Tallone
*Co-Counsel for Plaintiff/Appellant*

The Leader Law Firm, PC, Tucson
By John P. Leader
*Co-Counsel for Plaintiff/Appellant*

Wieneke Law Group, PLC, Tempe
By Kathleen L. Wieneke, Tara Zoellner, Brendan F. Porter
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge Jennifer M. Perkins joined.

---

**W E I N Z W E I G**, Judge:

**¶1**     Adrian Barreras appeals the superior court's grant of summary judgment in favor of the State. We affirm in part and reverse in part, remanding for further proceedings consistent with this decision.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**     On the evening of September 13, 2020, Adrian Barreras crashed into two elk while driving on Interstate 10. She then swerved off the elevated southbound lanes, crossed the median and crashed into another vehicle. She has no memory of the accident.

**¶3**     Barreras was rushed to the hospital, where she was diagnosed with a concussion, a collapsed lung and a liver laceration, along with multiple fractures in her ribs, back and lower body. In all, Barreras had surgeries on her lower back, pelvis, left arm and left leg.

**¶4**     Two weeks after the crash, Barreras signed a healthcare power of attorney form, authorizing her relatives to help her make medical decisions moving forward.

**¶5**     Eight months after the crash, Barreras' doctor concluded that her "medical concerns and medications made it difficult to focus on anything beyond her recovery and other immediate needs of herself and her family."

**¶6**     Two hundred and twenty-two days after the crash, Barreras filed a notice of claim against the State dated April 23, 2021. During discovery, Barreras attempted to depose two government employees. The State moved for a protective order, arguing that testimony from the government employees was privileged under 23 U.S.C. § 407. The superior court granted the protective order and partially blocked the depositions.

**¶7**     Both parties later moved for summary judgment on whether Barreras timely filed a notice of claim. The superior court entered summary

judgment in favor of the State, finding that Barreras filed an untimely notice of claim under A.R.S. § 12-821.01(A). Barreras timely appealed. We have jurisdiction. A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶8** Barreras argues the superior court erroneously granted the State's motion for summary judgment and motion for protective order. We address each argument in turn.

## I. Summary Judgment

**¶9** We review the grant of summary judgment de novo, viewing the facts and making all reasonable inferences in the light most favorable to the non-moving party. *See, e.g.*, *Espinoza v. Schulenburg*, 212 Ariz. 215, 216, ¶ 6 (2006). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a).

**¶10** A party opposing summary judgment must show specific facts that create a genuine issue for trial. *MacConnell v. Mitten*, 131 Ariz. 22, 25 (1981). We will not reverse summary judgment "simply on the speculation that some slight doubt (and few cases have complete certainty), some scintilla of evidence, or some dispute over irrelevant or immaterial facts might blossom into a real controversy in the midst of trial." *Orme Sch. v. Reeves*, 166 Ariz. 301, 311 (1990). Also, we may affirm summary judgment on any basis supported by the record. *Mutschler v. City of Phoenix*, 212 Ariz. 160, 162, ¶ 8 (App. 2006).

### A. Accrual

**¶11** Barreras first challenges the superior court's determination of when her cause of action accrued.

**¶12** An aggrieved party must file a notice of claim against a public entity within 180 days of the claim's accrual. A.R.S. § 12-821.01(A). A claim accrues "when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." A.R.S. § 12-821.01(B).

**¶13** Although accrual is typically a question of fact for the jury, "it may be decided as a matter of law if the record shows when the plaintiff unquestionably was aware of the necessary facts underlying his or her

cause of action." *Cruz v. City of Tucson*, 243 Ariz. 69, 71–72, ¶ 7 (App. 2017) (internal quotations omitted). The question is "when a reasonable person would have been on notice to investigate," rather than "when the plaintiff was conclusively aware she had a cause of action." *Id.* at 72, ¶ 8; *see also Little v. State*, 225 Ariz. 466, 469, ¶ 9 (App. 2010).

**¶14** On this record, we discern no error. Barreras knew the necessary facts of her cause of action by October 12, 2020. On that date, Barreras sent text messages to a former colleague at the Flagstaff Police Department describing the collision, asking about the investigation and expressing concern over possible liability. The evidence demonstrated that Barreras knew the circumstances of the collision and enough facts to create a duty to investigate her potential claims by October 12, 2020.

### B. Tolling

**¶15** Barreras next argues that the accrual date for her cause of action should have been tolled under A.R.S. §§ 12-502 and 12-821.01(D) because she had an unsound mind after the accident.

**¶16** Although Barreras raised the tolling issue in the superior court and the parties briefed the issue in dueling motions for summary judgment, it appears the superior court never reached or decided the issue. Indeed, the court's decision never used the phrases "tolling" or "statute of limitations," and the court never addressed the tolling statute or tolling case law. We decline to tackle the issue in the first instance. *See State v. Vera*, 235 Ariz. 571, 573, ¶ 8 (App. 2014) ("[W]e ordinarily do not consider issues on review that have not been considered and decided by the trial court."); *see also* Ariz. R. Crim. P. 32.21(d)(1)(A)".

**¶17** But even if we interpret the superior court's reference to mental incapacity as an implicit ruling on both accrual and tolling, the court committed legal error by conflating the issues. Accrual and tolling are separate legal doctrines with distinct requirements. *Compare Little v. State*, 225 Ariz. 466, 469, ¶ 13 (App. 2010) (holding that a claim accrues when "a reasonable person would have been on notice to investigate") (citation omitted); *with Logerquist v. Danforth*, 188 Ariz. 16, 19 (App. 1996) (holding that a claim tolls when a person is "unable to manage his affairs or to understand his legal rights or liabilities."). Mental incapacity is not relevant to the date of accrual analysis.

**¶18** We therefore reverse the grant of summary judgment and remand for the court to rule on tolling.

## II. 23 U.S.C. § 407

**¶19** Barreras next argues the superior court erroneously granted the State's motion for protective order under 23 U.S.C. § 407. We lack jurisdiction to address this claim.

**¶20** Pretrial discovery orders are generally not separately appealable. *See Hine v. Super. Ct. In & For Yuma Cnty.*, 18 Ariz. App. 568, 569 (1972). Once there is a final judgment, however, such orders become appealable under A.R.S. § 12-2102(A). *See Bogard v. Cannon & Wendt Elec. Co.*, 221 Ariz. 325, 333, ¶ 25, n.10 (App. 2009) (*citing Pepsi-Cola Metro. Bottling Co., Inc. v. Romley*, 118 Ariz. 565, 568 (App. 1978) (appellant's timely appeal from a final judgment of the trial court "properly placed before [this court] the propriety of all prior non-appealable orders.").

**¶21** Because we remand the summary judgment order, there is no longer a final judgment, and we no longer have jurisdiction under § 12-2102(A). And although we have discretion to accept special action jurisdiction, we decline to do so here because special action jurisdiction is most appropriate when, in the middle of case, a court *denies* a privilege and compels discovery. *See, e.g., Sun Health Corp. v. Myers*, 205 Ariz. 315, 317, ¶ 2 (App. 2003) ("Because an appeal offers no adequate remedy for the prior disclosure of privileged information, special action jurisdiction is proper."). Barreras remains free to raise the issue on remand and we express no view on the merits or whether special action review might later be appropriate.

## CONCLUSION

**¶22** We affirm in part as to the accrual date, and reverse and remand in part as to tolling.



AMY M. WOOD • Clerk of the Court
FILED: AA