602 P.2d 492

John E. FOWLER, Jr., and Margaret Fowler, husband and wife, Appellants and Cross-Appellees,

v.

GREAT AMERICAN INSURANCE COMPANY, a New York Corporation, Appellee and Cross-Appellant.

No. 1 CA–CIV 4011.

Court of Appeals of Arizona, Division 1, Department C.

Aug. 28, 1979.

Rehearing Denied Sept. 21, 1979.

Review Denied Sept. 25, 1979.

**112**

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by John H. Westover, James E. Vieh, Phoenix, for appellants and cross-appellees.

Sorenson, Esser & Moore and John S. Schaper, Phoenix, for appellee and cross-appellant.

## OPINION

FROEB, Judge.

John and Margaret Fowler (the Fowlers) sued Great American Insurance Company (Great American) for (1) breach of contract by failing to pay on their insurance policy after a residence fire, and (2) bad faith refusal to pay the claim. Great American denied coverage on the ground of arson by the Fowlers. Following the trial the jury returned a verdict in favor of the Fowlers on the contract claim, but denied them recovery on the bad faith claim.

The Fowlers appeal on three grounds: (1) the trial court, by refusing to grant their motion for directed verdict on the contract claim, prejudiced the jury against their bad faith claim; (2) the trial court improperly refused to allow them attorney's fees on the contract claim pursuant to A.R.S. § 12–341.-01; and (3) the trial court committed reversible error by commenting on the evidence adversely to the Fowlers.

Great American cross-appealed on the ground that the costs granted to the Fowlers contained items which are not recoverable as costs pursuant to A.R.S. § 12–332 A.

## THE BAD FAITH CLAIM

■ At the close of the presentation of all the evidence, the Fowlers moved for directed verdict on the contract claim on the ground that there was no reasonable evidence of arson which could be submitted to the jury. Both the oral presentation of the motion and the written memorandum in support of the motion were limited to the issue of the sufficiency of the evidence of arson vis-a-vis the contract claim. The court denied the motion and sent the case to the jury. As indicated above, the jury found for the Fowlers on the contract claim, but in favor of Great American on the bad faith claim. Thus, the verdict for the Fowlers on the contract claim renders moot any challenge by the Fowlers to the sufficiency of the arson evidence on this claim. *See Fleitz v. Van Westrienen*, 114 Ariz. 246, 560 P.2d 430 (1977).

■ The Fowlers moved for a new trial on their bad faith claim. The grounds for new trial set forth in the motion were:

1. Irregularity in the proceedings at trial whereby plaintiffs were deprived of a fair trial.

2. Misconduct of the defendant.

3. Accident or surprise which could not have been prevented by ordinary prudence.

4. Error in the refusing of the plaintiffs' requested instruction for a directed verdict upon the issue of liability of defendant under its policy of insurance.

Only the first and the fourth of the grounds for new trial can fairly be read to apply to the Fowlers' argument on appeal. Their argument here is that the denial of the directed verdict on the contract claim was tantamount to informing the jury that there was sufficient evidence of arson. The Fowlers argue that this prejudiced their bad faith claim because it gave strength to the defense of Great American that it had good faith reasons for refusing payment of the fire insurance claim. As pointed out earlier, however, the sole basis for the motion for directed verdict was that there was insufficient arson evidence vis-a-vis the con-

tract claim. No mention was made at that stage of the "crossover impact" upon the bad faith claim which might be produced by denying the directed verdict on the contract claim. Consequently, the trial judge was not given an opportunity to consider this issue in his ruling on the directed verdict and it was untimely to later raise it in the motion for new trial. *See Deer Valley Industrial Park D. & L. Co. v. State,* 5 Ariz. App. 150, 424 P.2d 192 (1967). By the same token, it is untimely to now raise it on appeal. *Apache East, Inc. v. Wiegand,* 119 Ariz. 308, 580 P.2d 769 (App.1978). We therefore will not consider it as a ground for reversal of the jury verdict on the bad faith claim.

In any event, we note that the merits of this "crossover impact" argument are less than convincing. There is no implied comment on the evidence when a trial court rules on a motion for directed verdict. Further, there is no indication that the jurors knew that such a motion had been made out of their presence, or, had they known it, whether they would improperly transfer its legal significance to the bad faith claim. Finally, not only was the burden of proof different on the two claims, but the issues were different as well. Great American's defense to the contract claim depended on actual proof of arson, whereas the bad faith claim depended on an absence of a reasonable belief by Great American that arson had occurred. The nature of the proofs is sufficiently different so that the failure to prove one would not necessarily mean the failure to prove the other.[1]

### ATTORNEY'S FEES

The Fowlers' second issue is disposed of by *USLIFE v. Soulé,* 122 Ariz. 79, 593 P.2d 302 (1979). *USLIFE* held that the attorney's fees statute, A.R.S. § 12–341.01, cannot be applied to cases filed before the effective date of the statute. This action was filed May 26, 1976, well before the effective date. *See USLIFE.*

### CONDUCT OF THE TRIAL JUDGE

In support of their third argument the Fowlers set out quotations from the transcript which they believe show that the trial judge repeatedly commented on the evidence in a manner adverse to their interests. We have reviewed the proceedings referred to by appellants and find that these comments from the bench are expressions of impatience with counsel rather than comments on the evidence. We observe that there were no objections made to these comments, nor were there motions for mistrial based on them, nor was the motion for new trial based on this theory. The Fowlers have made no showing of prejudice resulting from these remarks. We find no reversible error on this issue.

### CROSS–APPEAL

Great American's cross-appeal challenges several items of costs awarded to the Fowlers on their contract claim. Specifically, it argues that A.R.S. § 12–332 A does not allow as costs (1) the expense of obtaining copies of records and photographs, (2) the expense of the Fowlers' attorney traveling twice to San Francisco for depositions, and (3) the expense of a court reporter traveling to San Francisco for one deposition.

A.R.S. § 12–332 A provides:

Costs in the superior court include:

1. Fees of officers and witnesses.
2. Cost of taking depositions.
3. Compensation of referees.
4. Cost of certified copies of papers or records.
5. Sums paid a surety company for executing any bond or other obligation therein, not exceeding, however, one per cent on the amount of the liability upon such bond or other obligation during each year it was in force.
6. Other disbursements made or incurred pursuant to an order or agreement of parties.

---

1. Our opinion in this case does not review or decide any issue relating to the substantive propriety of a bad faith claim asserted by the insured against the insurer.

Generally, expenses not enumerated in § 12–332 A are not recoverable as costs. *Stewart v. Lee-Stewart, Inc.,* 5 Ariz.App. 216, 425 P.2d 118 (1967). Where allowable, the trial court is given wide latitude in assessing the amount. *Parrish v. Camphuysen,* 107 Ariz. 343, 488 P.2d 657 (1971).

■■ We find that the records and photographs do not come within the provision allowing "Cost of certified copies of papers or records." We hold that this provision refers to records of a public office for which a specific charge is made by the officer certifying to their correctness. The expenses for which the Fowlers sought reimbursement, although incurred in preparation for trial, were not in this category. They are, therefore, not recoverable under A.R.S. § 12–332 A.

■ On the other hand, reasonable and necessary travel expenses incurred for the taking of depositions are recoverable under A.R.S. § 12–332 A. *Young's Market Co. v. Laue,* 60 Ariz. 512, 141 P.2d 522 (1943). Whether such expenses are reasonable and necessary is to be determined by the trial court in its discretion. The record before us does not indicate that the trial court abused its discretion by allowing them in this instance.

The judgment of the trial court is affirmed as modified by allowing taxable costs in the trial court of $2,228.85 instead of $2,649.85.

Affirmed as modified.

EUBANK, P. J., and HAIRE, J., concur.