NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

GREENWOOD VILLAS HOMEOWNERS' ASSOCIATION, an Arizona
non-profit corporation, *Plaintiff/Appellee/Cross-Appellant*,

*v.*

DESIREE BLOCK, *Defendant/Appellant/Cross-Appellee*.

No. 1 CA-CV 15-0210
FILED 9-20-2016

Appeal from the Superior Court in Maricopa County
No. CV2012-056443
The Honorable John R. Hannah, Jr., Judge

**AFFIRMED**

COUNSEL

Maxwell & Morgan, P.C., Mesa
By Penny L. Koepke
*Co-counsel for Plaintiff/Appellee/Cross-Appellant*

Carpenter, Hazlewood, Delgado & Bolen, PLC, Tempe
By Katherine J. Merolo, Edith I. Rudder
*Co-counsel for Plaintiff/Appellee/Cross-Appellant*

Desiree Block, Upland, California
*Defendant/Appellant/Cross-Appellee*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Samuel A. Thumma joined.

**W I N T H R O P**, Judge:

¶1 Desiree Block appeals the trial court's grant of summary judgment in favor of Greenwood Villas Homeowners' Association ("the Association") on the Association's complaint for foreclosure and breach of contract based on Block's alleged failure to pay a lien. The Association cross-appeals several issues, including challenging the amount of the court's attorneys' fees award. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2 Block is the legal owner of a property within a condominium development known as Greenwood Villas. All owners of condominium units within Greenwood Villas are members of the Association and are subject to the Declaration of Horizontal Property Regime and Covenants, Conditions, and Restrictions for Greenwood Villas ("the Declaration"). The Declaration requires that owners pay assessments to the Association "for the purpose of promoting the recreation, health, safety and welfare of the residents in the Condominium Project and in particular for the improvement and maintenance of the properties, services and facilities devoted to this purpose and related to the use and enjoyment of the Common Elements." Pursuant to the Declaration, any unpaid assessments constitute a lien on the property to secure the payment of such amounts.

¶3 In November 2012, the Association filed a lien foreclosure action against Block pursuant to Arizona Revised Statutes ("A.R.S.") section 33-1256(A) (2015 Supp.).[1] The complaint alleged that Block's failure to pay assessments, interest, late charges, and costs of collection constituted a lien on the property and entitled the Association to foreclose its lien.

¶4 In March 2013, the Association timely and successfully moved for an extension of time to serve process on Block on the ground that, after

---

[1] We cite the current version of all statutes unless changes material to our decision have occurred since the relevant date(s).

diligent efforts, it had been unable to effect service. Ultimately, the Association served Block by publication in July 2013.

¶5 In early September 2013, Block filed an answer admitting the existence of monthly assessments but contesting the "legal charges," the late fees, the lien, and the foreclosure action. Block also stated that she was not aware of the Association's complaint until June 2013.

¶6 In April 2014, the Association moved for summary judgment. The Association argued that no genuine dispute of material fact existed because Block admitted owing the assessments and had no legally justifiable defense for her failure to pay. The Association also argued that it was entitled to attorneys' fees and costs incurred in the action.

¶7 After Block failed to timely respond, on June 2, 2014, the court granted the Association's motion for summary judgment.[2] Between June 6, 2014, and July 16, 2014, Block filed a series of responses to the Association's motion for summary judgment, requesting that the court deny the motion it had already granted. On July 24, 2014, the court vacated its June 2, 2014 order granting the Association's motion for summary judgment on the grounds that Block had not intentionally disregarded the rules and the Association would not be prejudiced if Block was given an opportunity to be heard. The court also ordered the Association to file its reply to Block's response to the motion for summary judgment.[3]

¶8 In October 2014, the court granted the Association's motion for summary judgment against Block. The court found that the Association was entitled to a foreclosure judgment and a personal judgment against Block for unpaid assessments, unpaid charges for late payment of assessments, and reasonable collection costs in the amount of $4,510.

---

[2] The court declined to consider a May 13, 2014 letter from Block as a response because there was no indication that Block had mailed a copy to the Association's attorney and there was no evidence the letter had been filed with the clerk of the court.

[3] The court deemed Block's collective filings between June 6, 2014, and July 16, 2014, as her response to the Association's motion for summary judgment. The court further ordered that Block's June 18, 2014 filing was deemed a motion to amend the answer and to add a counterclaim for removal of a *lis pendens* filed by the Association.

**¶9** The Association filed a timely application for attorneys' fees that, as amended, requested an award of $11,113.50. The Association also requested costs in the amount of $1,713.30. Block contested the Association's request for attorneys' fees and costs.

**¶10** In February 2015, the court entered a judgment of foreclosure and awarded the Association attorneys' fees and nontaxable costs in the amount of $5,774.50 and taxable costs in the amount of $854.

**¶11** Block timely appealed, and the Association cross-appealed. We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).

## ANALYSIS

### I. *Summary Judgment*

**¶12** Summary judgment is proper where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. ("Rule") 56(a); *Orme Sch. v. Reeves*, 166 Ariz. 301, 305, 802 P.2d 1000, 1004 (1990). We review the evidence "in the light most favorable to the party against whom summary judgment was entered" and review *de novo* "whether any genuine issues of material fact exist." *TWE Ret. Fund Trust v. Ream*, 198 Ariz. 268, 271, ¶ 11, 8 P.3d 1182, 1185 (App. 2000).

### II. *Block's Arguments on Appeal*

**¶13** To affirm summary judgment for the Association, we must find undisputed evidence that Block failed to pay the required assessments and other related charges. Although Block concedes that she fell behind on assessments, she asserts multiple defenses on appeal that she did not raise with the trial court.[4] As a general rule, however, "[a]n issue not raised in

---

[4] For the first time on appeal, Block asserts that (1) service of process was improper; (2) the "economic loss rule" applies because financial hardship prevented her from paying the assessment fees; (3) foreclosure will unjustly enrich the Association; (4) the Association's foreclosure action was not timely and should be extinguished pursuant to A.R.S. § 33-1256(F); (5) the lien should be removed because the Association misappropriated Block's assessment payments in violation of A.R.S. § 33-1256(J) by applying her payments to the entire balance due instead of applying it first to her unpaid assessments; and (6) the Association improperly claimed its lien had priority over the lien of the first deed of trust.

the trial court may not be raised for the first time on appeal." *Mullins v. Horne*, 120 Ariz. 587, 592, 587 P.2d 773, 778 (App. 1978). We therefore decline to consider the defenses Block failed to assert in the trial court.

### A. Validity of Lien

¶14 The Association "has a lien on a unit for any assessment levied against that unit from the time the assessment becomes due." Further, the Association may foreclose on the lien "in the same manner as a mortgage on real estate." A.R.S. § 33-1256(A).

¶15 Block asserts the trial court erred by determining the Association's assessment lien was valid, and she argues the lien should have been removed from the property entirely because the Association improperly recorded the lien amount and provided the trial court with an inaccurate ledger. Block previously raised this issue before the trial court in a supplemental filing that the court deemed a motion to amend and to add a counterclaim. The Association then filed a motion to dismiss the counterclaim, which the trial court granted. We review the trial court's decision to grant the motion to dismiss *de novo*. *Coleman v. City of Mesa*, 230 Ariz. 352, 355-56 ¶ 7, 284 P.3d 863, 866-67 (2012).

¶16 We find no error by the trial court. Although the court found Block was correct with respect to a filing charge that should not have been included in the pre-litigation lien, the court dismissed Block's counterclaim on the ground that an inaccuracy in the ledger did not entitle her to have the entire lien removed. Given Block's failure to dispute that she was delinquent in her payment of assessments, under A.R.S. § 33-1256(A), the trial court did not err in permitting the Association to maintain the lien.

### B. Settlement and Arbitration

¶17 Block argues that the trial court abused its discretion by not ordering a settlement conference and by failing to address the Association's refusal to settle. A court may, in its discretion, schedule a settlement conference on its own motion or at the request of any party. Ariz. R. Civ. P. 16.1(a). There is nothing in the rules, however, that requires a court to do so. Further, Block's contention that the court failed to address the Association's refusal to settle is not supported by the record. In fact, the court's judgment thoroughly discussed the issue of settlement and even relied on Block's continued attempts to settle as grounds for reducing attorneys' fees owed to the Association. Noting that the promotion of settlement "is a primary goal of fee-shifting rules" and that this case in particular was "ripe for settlement from the start," the court provided a

detailed analysis of the parties' failed negotiations. To the extent that Block asserts the court should have required the parties to settle, no authority exists for such a proposition. Moreover, nothing precluded Block from requesting that the court order a settlement conference. Therefore, on this record, the court did not abuse its discretion by declining to *sua sponte* order a settlement conference or requiring the parties to reach an agreement.

**¶18** Block also argues that the court erred by accepting the Association's certificate indicating that the case was not subject to compulsory arbitration.[5] Block states that the Association failed to show that Block had knowledge of the lien foreclosure action or that Block "conveyed all right or control to the [Association]." However, Block received a copy of the Association's certificate concerning compulsory arbitration on June 14, 2013, but failed to respond. "If the defendant disagrees with the plaintiff's assertion as to arbitrability, the defendant shall file a controverting certificate that specifies the particular reason for the defendant's disagreement with plaintiff's certificate." Ariz. R. Civ. P. 72(e)(2). By failing to respond, Block waived her right to challenge the Association's position. Moreover, even assuming her failure to respond did not constitute waiver, Block has not shown the case meets the criteria for compulsory arbitration pursuant to Rule 72(b).[6] The trial court therefore did not err by not *sua sponte* rejecting the Association's certificate and assigning the case for arbitration.

### III.    The Association's Arguments on Cross-Appeal

### A.    Unpaid, Accruing Assessments

**¶19** The Association argues on cross-appeal that the trial court erred by eliminating language in the proffered judgment pertaining to accruing assessments. As the owner of a condominium unit in Greenwood Villas, Block has an ongoing obligation to pay assessments as they come due. *See* A.R.S. § 33-1256(A). However, the Association does not cite any legal authority to support its argument that the judgment and decree of foreclosure should include an amount for assessments that the Association speculates Block will not pay. *See Coury Bros. Ranches, Inc. v. Ellsworth*, 103

---

[5]    Although Block did not raise this argument before the trial court, we nevertheless address it because it relates to the issue of settlement, which she raised below.

[6]    Block's argument that the Association's certificate of compulsory arbitration "was used only as a tool for foreclosure" is insufficient.

Ariz. 515, 521, 446 P.2d 458, 464 (1968) ("Damages that are speculative, remote or uncertain may not form the basis of a judgment."); *Cullison v. City of Peoria*, 120 Ariz. 165, 168, 584 P.2d 1156, 1159 (1978) (stating that speculation is not competent evidence). Therefore, the trial court did not err by removing the language regarding accruing assessments from the judgment.

### B. *Consensual Lien*

**¶20** The Association also asserts that the trial court erred by removing the word "consensual" as a modifier for the word "lien" in paragraph eight of the judgment. A lien created under A.R.S. § 33-1256 is a consensual lien. In this case, the term "consensual" is already used to define the lien in other places throughout the judgment—namely, paragraphs two and seven—and the court did not remove those descriptors. Moreover, in crossing out the term "consensual" in paragraph eight, the court did not change the term to "nonconsensual" or give any indication it deemed the lien anything other than consensual. Accordingly, the court's removal of the term in paragraph eight did not prejudice the Association and was not an abuse of discretion.

### C. *Attorneys' Fees and Taxable Costs*

**¶21** The Association next argues that the court abused its discretion by awarding the Association less than what it requested in attorneys' fees and costs.[7]

**¶22** Generally, an award of attorneys' fees is not permitted unless expressly provided for by statute or contract. *First Fed. Sav. & Loan Ass'n of Phoenix v. Ram*, 135 Ariz. 178, 181, 659 P.2d 1323, 1326 (App. 1982). Similarly, expenses not enumerated in A.R.S. § 12-332 are not recoverable as costs. *Fowler v. Great Am. Ins. Co.*, 124 Ariz. 111, 114, 602 P.2d 492, 495 (App. 1979). Here, the Declaration provides that "each Owner shall pay and reimburse the Association for any and all costs and expenses in connection with . . . [a]ll costs incurred in the enforcement of the provisions

---

[7] The Association requested $11,030.50 in attorneys' fees, $83 in out-of-pocket expenses, and $1,713.30 in taxable costs. The court awarded the Association $5,774.50 in attorneys' fees (including $54 in out-of-pocket costs) and $854 in taxable costs.

of this Declaration against any owner including, but not limited to, attorney[s'] fees and court costs."

¶23　　　　The Association argues that a court cannot refuse to award attorneys' fees where a specific contractual provision provides for an award. Here, however, the trial court did not refuse to award attorneys' fees. Rather, the court found that the amount of fees the Association requested was excessive and, in its discretion, reduced the amount to what it regarded as appropriate considering the circumstances.[8] Implicit in the enforcement of any fee provision is the authority of the court to determine the reasonableness of the fee request. *See McDowell Mountain Ranch Cmty. Ass'n, Inc. v. Simons*, 216 Ariz. 266, 270-71, 165 P.3d 667, 671-72 (App. 2007) (finding that, even where an attorneys' fees provision entitles the prevailing party to "all attorneys' fees and costs," fees that are "obviously excessive" will not be awarded); *Geller v. Lesk*, 230 Ariz. 624, 629-30, 285 P.3d 972, 977-78 (App. 2012) (stating that, where a party seeking fees fails to make a *prima facie* showing of reasonableness, the trial court must determine the amount of reasonable fees incurred). Here, the trial court found that the Association's request was unreasonable, noting that the Association's attorneys had duplicated work and "spent more time and effort than necessary to prevail in a routine, more-or-less undefended case." Further, the court found that, at a certain point, the litigation was no longer about the unpaid assessments. Instead, the parties were fighting over attorneys' fees, and the Association's lawyers were "in effect, litigating for themselves."

¶24　　　　On this record, the court did not abuse its discretion in finding that the Association's fee request was excessive. *See Woliansky v. Miller*, 146 Ariz. 170, 172, 704 P.2d 811, 813 (App. 1985) (stating that, where a contractual agreement entitles the prevailing party to reasonable attorneys' fees, the determination of the reasonable amount is "peculiarly within the discretion of the trial court"). The trial court's decision to reduce the award of taxable costs was similarly within its discretion. *See Fowler*, 124 Ariz. at 113-14, 602 P.2d at 494-95 (stating that the trial court is given "wide latitude" in assessing the amount of taxable costs); *Reyes v. Frank's Serv. & Trucking, LLC*, 235 Ariz. 605, 609, ¶ 12, 334 P.3d 1264, 1268 (App. 2014) (awarding taxable costs where they were reasonably and necessarily

---

[8]　　　　The trial court noted that the Association's Bylaws state the Association is entitled to "recover . . . *reasonable* attorneys' fees as may be deemed by the court." (emphasis added).

incurred).  Accordingly, we find no error in the trial court's determination with respect to attorneys' fees and taxable costs.

IV.     *Costs and Attorneys' Fees on Appeal*

**¶25**          The Association also requests costs and attorneys' fees on appeal.  In this case, however, neither Block nor the Association has entirely prevailed on appeal.  Accordingly, in our discretion, we decline to award costs and fees.

**CONCLUSION**

**¶26**          The trial court's judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA