NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

WENDY TAPPAN, *Plaintiff/Appellant*,

*v.*

ARIZONA BOARD OF REGENTS,
Involving Northern Arizona University, *Defendant/Appellee*.

No. 1 CA-CV 20-0114
FILED 12-3-2020

---

Appeal from the Superior Court in Coconino County
No. S0300CV201800080
The Honorable Cathleen Brown Nichols, Judge

**AFFIRMED**

---

COUNSEL

Joshua Carden Law Firm, P.C., Scottsdale
By Joshua W. Carden
*Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Rachel M.B. Remes
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge David D. Weinzweig joined.

---

**W I L L I A M S**, Judge:

**¶1**          Wendy Tappan appeals the superior court's grant of summary judgment for Arizona Board of Regents ("ABOR"), on Tappan's claims for unpaid wages and unjust enrichment, arising out of a wage dispute between Tappan and Northern Arizona University ("NAU").[1] For reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**          In 2013, NAU employed Tappan as a program coordinator in the career development office of the W.A. Franke College of Business ("FCB"). Tappan was responsible, in part, for coordinating the day-to-day operation of an internship program for academic credit, including meeting with students and employers and evaluating student progress. FCB's internship for academic credit program is an online course titled "408 Internship for Credit" ("the course").

**¶3**          In the fall of 2013, an associate dean asked Tappan to temporarily take over teaching the course. Tappan was then assigned to teach the course every subsequent spring, summer and fall semester, which she did from 2013 until this case commenced in 2018. The parties dispute whether teaching the course was part of Tappan's regular program coordinator job duties.

**¶4**          Between 2014 and 2016, Tappan, on the belief that teaching the course was not part of her regular job duties, repeatedly requested additional compensation for teaching the course. Each request was denied by FCB's dean and Tappan was timely informed of those denials. In the summer of 2017, Tappan again requested additional compensation for teaching the course, this time making the request to her new supervisor,

---

[1] ABOR is the constitutionally established governing board for NAU. *See* Article 16, Sections 2 and 5, of the Arizona Constitution. ABOR is a body corporate that may sue and be sued. A.R.S. § 15-1625.

Dean Kevin Trainor. In her deposition, Tappan testified that, later in the summer of 2017, Trainor "came to my office . . . with a form . . . [and] said he had received approval through the college of business for me to be paid for the course . . . and . . . that I would be [] paid at that time for [the] class going forward." Tappan considered Trainor's statement to be a promise that she would receive additional compensation for teaching the course going forward. In September 2017, Trainor submitted the form. Shortly thereafter, Trainor notified Tappan that the compensation request had been denied. Tappan does not allege any other statements made by Trainor, or other employees of NAU, promising separate pay for teaching the course.

¶5          In December 2017, Tappan was promoted to program director, which required that she continue to teach the internship course, with a corresponding salary increase retroactive to April 2017. In January 2018, Tappan served ABOR with a notice of claim seeking separate pay for teaching the course. The following month, Tappan filed this action alleging unpaid wages in violation of A.R.S. §§ 23-353 and -355 and unjust enrichment.[2]

¶6          After discovery, ABOR moved for summary judgment, arguing: (1) Tappan's claims before July 2017 were time barred as Tappan failed to meet the statutory deadlines governing claims against public entities; and, (2) Tappan's claims after July 2017 were moot, given her promotion and salary increase retroactive to April 2017. The superior court granted the motion for summary judgment with no explanation of grounds supporting its decision, dismissed Tappan's claims with prejudice and, over Tappan's objection, awarded ABOR its taxable costs. Following entry of final judgment, Arizona Rule of Civil Procedure 54(c), Tappan timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶7          Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). On appeal, we review a grant of summary judgment *de novo*, *Dreamland Villa Cmty. Club, Inc. v. Raimey*, 224 Ariz. 42, 46, ¶ 16 (App. 2010), "view[ing] the facts and reasonable inferences in the light most favorable to the non-prevailing party," *Rasor v. Nw. Hosp.*,

---

[2] Tappan withdrew the claim for unpaid wages under A.R.S. § 23-353 acknowledging she had no claim under that statute because she was still employed by NAU.

*LLC*, 243 Ariz. 160, 163, ¶ 11 (2017). We "will affirm summary judgment if it is correct for any reason supported by the record, even if not explicitly considered by the superior court." *KB Home Tucson, Inc. v. Charter Oak Fire Ins. Co.*, 236 Ariz. 326, 329, ¶ 14 (App. 2014).

## I.   Summary Judgment Was Proper

**¶8**       Two statutory deadlines govern claims against public entities. *See* A.R.S. §§ 12-821.01 and -821. Arizona law first requires a would-be plaintiff to file a notice of claim "within one hundred eighty days after the cause of action accrues." A.R.S. § 12-821.01(A) ("Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon."). The plaintiff must then file the lawsuit "within one year after the cause of action accrues and not afterward." A.R.S. § 12-821. Claims "clearly brought outside the relevant limitations period are conclusively barred." *Montano v. Browning*, 202 Ariz. 544, 546, ¶ 4 (App. 2002).

**¶9**       A claim against a public entity accrues "when the damaged party *realizes he or she has been damaged* and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." A.R.S. § 12-821.01(B) (emphasis added).[3] This court has interpreted A.R.S. § 12-821.01(B) "as a codification of the discovery rule for determining when causes of action against public entities . . . accrue." *Thompson v. Pima Cnty.*, 226 Ariz. 42, 46, ¶ 12 (App. 2010). Under the discovery rule, a cause of action accrues when the plaintiff knows she has been injured and has a "reason to connect [the injury] to a particular [cause, source, act, event, instrumentality or condition] in such a way that a reasonable person would be on notice to investigate whether the injury might result from fault." *Walk v. Ring*, 202 Ariz. 310, 316, ¶ 22 (2002); *see also Doe v. Roe*, 191 Ariz. 313, 322, ¶ 29 (1998) ("A cause of action [accrues when] the plaintiff *knows or with reasonable diligence should know* the facts underlying the cause.") (emphasis added).

**¶10**      Although the determination of when an action accrues is generally resolved by the trier of fact, *Walk*, 202 Ariz. at 316, ¶¶ 23–24, this general rule does not apply when there is no genuine dispute as to facts showing the plaintiff *knew or should have known* the basis for the claim, *Thompson*, 226 Ariz. at 46–47, ¶¶ 13–14 (finding no genuine factual dispute

---

[3] Section 12-821.01(B) applies to the accrual of both a notice of claim and statute of limitations. *See Long v. City of Glendale*, 208 Ariz. 319, 325, ¶ 9 (App. 2004).

that plaintiffs had "reasonable notice to investigate" whether the county was negligent for failing to maintain a roadway because evidence showed the driver learned after the accident he had driven over potholes, the officer on scene told the driver the potholes likely caused or contributed to her accident, and the driver's family members testified they suspected the potholes were a cause of the accident); *Little v. State*, 225 Ariz. 466, 470, ¶ 13 (App. 2010) (quoting *Walk*, 202 Ariz. at 310, ¶ 24) (affirming summary judgment ruling that notice of claim was untimely and explaining a claim accrues "when a 'reasonable person would have been on notice' to investigate whether negligent conduct may have caused [the] injury").

¶11        Here, ABOR argues Tappan's claims accrued "every payday or semester that [Tappan] failed to receive a teaching stipend" and that summary judgment was proper because there was no genuine dispute as to facts showing that Tappan knew or should have known the basis of her claim every time she received an allegedly deficient paycheck. Thus, according to ABOR, because Tappan filed her notice of claim in January 2018, claims that accrued more than 180 days before that date, i.e. claims that accrued before July 2017, are time barred by the notice of claim statute.

¶12        Tappan, relying on *Sobel v. Jones*, 96 Ariz. 297 (1964), urges us to conclude the discovery rule is inapplicable to her claims and instead determine, based on principles of *quantum meruit*, that her claims accrued at the termination of her services, i.e. "when she stopped doing the additional work in her capacity as [p]rogram [c]oordinator," rather than with every paycheck. In *Sobel*, plaintiff, the manager of defendant's trailer park, and defendant, a private citizen, had an agreement that plaintiff would perform construction work in addition to his general managerial duties in exchange for "some compensation besides his wages as manager. *Id.* at 299. Several years went by and, despite requests by plaintiff, defendant failed to compensate plaintiff for the additional work. *Id.* At the end of the construction project, plaintiff reiterated his demand for compensation and defendant asserted the statute of limitations as a defense, arguing that plaintiff's claims were barred because they had accrued with each paycheck. *Id.* at 301. There, our supreme court held the plaintiff's claim accrued at the completion of the construction project and determined that a cause of action for *quantum meruit* does not arise until termination of services. *Id.* The "accrual at termination of services" rule in *Sobel*, however, has never been applied in actions against public entities which, instead, are governed by § 12-821.01(B).

¶13        Applying the discovery rule, Tappan's claims accrued every time she received a paycheck lacking the additional compensation. Upon

receipt of each paycheck, Tappan possessed the "minimum requisite of knowledge sufficient to identify that a wrong occurred and caused injury." *Doe*, 191 Ariz. at 323, ¶ 32. This point of accrual is further supported by Tappan's repeated requests for additional compensation, which demonstrate that Tappan identified the wrong and the resulting injury. While Tappan argues a dispute of factual issues should preclude summary judgment, including the disputed fact of whether the program coordinator position required her to teach the course, none of her stated factual disputes are relevant to the timeliness of her claims. Rather, because the undisputed facts demonstrate that none of Tappan's paychecks included additional stipends or wages for teaching the course, and because Tappan served ABOR with notice of her claim in January 2018, summary judgment was proper as claims that accrued before July 2017 were time barred by the notice of claim statute. *See* A.R.S. § 12-821.01(A).

¶14 Additionally, ABOR contends that because Tappan has been paid for her teaching duties since April 2017, Tappan has no viable claim for unpaid wages for periods in or after July 2017. We agree. Tappan's claims after April 2017 are moot, as Tappan testified in her deposition that teaching the course is part of her new job duties as program director. Thus, although it would have been helpful to the parties and this appeal if the superior court had "state[d] on the record the reasons for granting [summary judgment]," because no genuine issue of material fact existed regarding whether Tappan received compensation for teaching the course from April 2017 forward, summary judgment for ABOR was appropriate. Ariz. R. Civ. P. 56(a).

¶15 Tappan next argues even if her claims were untimely, ABOR is equitably estopped from asserting the statute of limitations as a defense because Trainor's statement in the summer of 2017 induced her to forbear filing suit. Like the statute of limitations, the notice of claim requirement is "subject to waiver, estoppel and equitable tolling." *Pritchard v. State*, 163 Ariz. 427, 432 (1990) (holding the time element with respect to filing a notice of claim is a procedural requirement subject to estoppel). Because equitable estoppel is an "equitable doctrine[], the trial court acts as the fact-finder and determines if [it] should apply." *Little v. State*, 225 Ariz. 466, 471, ¶ 16 (App. 2010); *see also McCloud v. State, Ariz. Dep't of Pub. Safety*, 217 Ariz. 82, 86, ¶ 9 (App. 2007) (concluding that because equitable estoppel sounds in equity, whether to apply equitable estoppel is a decision within the superior court's discretion).

¶16 Tappan testified that she considered Trainor's statement in the summer of 2017 to be a promise that she would receive additional

compensation for teaching the course going forward. Because Trainor's promise is the only statement upon which Tappan relies to support the tolling of the statutes of limitations, and because we have already determined that Tappan has no viable claims from April 2017 forward, *supra* ¶ 14, we conclude that equitable estoppel is inapplicable. Consequently, the superior court did not err in granting summary judgment in favor of ABOR.

## II.    *The Award of Costs Was Proper*

**¶17**        Arizona statute provides the "successful party to a civil action shall recover from his adversary all costs expended or incurred therein unless otherwise provided by law." A.R.S. § 12-341. Costs are defined by statute and include the "[c]ost of taking depositions." A.R.S. § 12-332(A)(2). Tappan concedes ABOR is entitled to costs under A.R.S. § 12-341. However, Tappan argues the superior court erred by considering certain expenses as taxable costs.

**¶18**        We review *de novo* whether an expense is included within the definition of taxable costs under A.R.S. § 12-332(A) because it is a question of law. *Reyes v. Frank's Serv. & Trucking, LLC*, 235 Ariz. 605, 608, ¶ 6 (App. 2014). However, a determination that a particular expense is factually within a category of taxable costs is reviewed for an abuse of discretion. *Graville v. Dodge*, 195 Ariz. 119, 130, ¶ 53 (App. 1999). Here, Tappan challenges the inclusion of the following items as taxable costs: (1) deposition charges incurred by the court reporter (including the court reporter's appearance fee, transcript related charges such as the inclusion of exhibit pages to the deposition transcripts and a PDF bundle of the transcripts, and a travel reimbursement); and (2) travel expenses incurred by ABOR in counsel's travel to and overnight stay in Flagstaff for the depositions of Tappan and another NAU employee.

**¶19**        Tappan argues the court reporter's costs and counsel's travel expenses are not taxable "[c]osts of taking depositions" because they were not reasonably and necessarily incurred. A.R.S. § 12-332(A)(2). In particular, Tappan contends the court reporter's travel expenses were unnecessary because ABOR should have used a local court reporter and that counsel's travel expenses were unnecessary as counsel could have requested an alternative venue or driven to Flagstaff on the day of the depositions.

**¶20**        "[C]osts of depositions include fees for the court reporter and transcripts, reasonable travel expenses for attorneys and court reporters

attending the deposition, and costs of copies of deposition transcripts." *Schritter v. State Farm Mut. Auto. Ins. Co.*, 201 Ariz. 391, 392, ¶ 9 (2001); *see also Fowler v. Great Am. Ins. Co.*, 124 Ariz. 111, 114 (App. 1979) (holding that reasonable and necessary travel expenses incurred in taking depositions are recoverable under § 12-332(A)(2)). Whether travel expenses are reasonable and necessary is left to the discretion of the superior court, *Fowler*, 124 Ariz. at 114, as is whether to allow the court reporter's appearance fee and transcript related charges in its award of costs, *see, e.g.*, *Schritter*, 201 Ariz. at 392, ¶ 9. On this record, the court did not abuse its discretion.

**CONCLUSION**

**¶21** For the foregoing reasons, we affirm the superior court's grant of summary judgment and the award of costs. Tappan's requests for attorneys' fees and costs incurred on appeal pursuant to A.R.S. §§ 12-341 and -348 are denied. As the prevailing party on appeal, ABOR may recover its costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA