NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JEFFREY A. MCKEE, *Plaintiff/Appellee,*

*v.*

LINDA L. LAMORE, *Defendant/Appellant.*

No. 1 CA-CV 21-0413
FILED 2-22-2022

Appeal from the Superior Court in Maricopa County
Nos.  CV 2019-011476
CV 2019-056064
(Consolidated)
The Honorable James D. Smith, Judge

**AFFIRMED IN PART; DISMISSED IN PART;
VACATED AND REMANDED IN PART**

APPEARANCES

Linda L. Lamore, Scottsdale
*Defendant/Appellant*

Davis McKee PLLC, Phoenix
By Jeffrey A. McKee
*Plaintiff/Appellee*

―――――――――――――――――

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Randall M. Howe and Judge James B. Morse Jr. joined.

―――――――――――――――――

**C A M P B E L L**, Judge:

¶1         Linda Lamore appeals from various superior court rulings in two consolidated lawsuits. We lack jurisdiction to consider her challenge to the timeliness of the court's disposition of McKee's claims, so we dismiss that portion of her appeal. In addition, the record does not allow effective review of Lamore's challenge to the court's partial denial of her request for costs. Thus, we vacate the court's award of costs and remand for further findings. On the remaining issues, we affirm because Lamore has not shown the court erred or that she is entitled to additional relief.

**BACKGROUND**

¶2         In 1998, Lamore and her then-husband hired Jeffrey McKee to represent them in a lawsuit. Lamore and her former husband won a judgment but were unable to collect. Lamore believed McKee should have named additional defendants in the suit. In 1998, while the suit was pending, she alleges she contacted McKee to raise the issue, but McKee disagreed and declined to add the defendants Lamore suggested. Lamore complained to McKee's firm about the same issue in 2002, after the conclusion of the lawsuit, but the firm stood by McKee's decision.

¶3         In 2017, Lamore posted a negative review of McKee's services on an internet website called the Ripoff Report. In 2019, McKee posted a rebuttal on the website and then sued Lamore for defamation and false light invasion of privacy (CV 2019-011476). In his complaint, McKee did not allege a date on which Lamore posted her review, only that he had learned of the post in 2019. Lamore counterclaimed for fraud and breach of fiduciary duty relating to the 1998 lawsuit. She also filed a separate lawsuit against McKee alleging defamation and false light invasion of privacy for his rebuttal post (CV 2019-056064).

¶4         Lamore moved to dismiss McKee's claims, arguing they were barred by the statute of limitations and attaching a screenshot showing the date her review was posted. *See* A.R.S. § 12-541(1) (setting one-year

limitations period for libel actions). The superior court summarily denied her motion. After consolidating the two lawsuits, the court dismissed Lamore's defamation and false light claims.

**¶5** Lamore and McKee each filed several motions for summary judgment on the remaining claims. The court granted summary judgment for McKee on Lamore's fraud and breach of duty claims, finding the statute of limitations barred them. *See* A.R.S. § 12-543(3) (defining three-year limitations period for fraud claims); *see also CDT, Inc. v. Addison, Roberts & Ludwig, C.P.A., P.C.*, 198 Ariz. 173, 175, ¶ 6 (App. 2000) (explaining that A.R.S. § 12-542's two-year limitations period applies to breach of fiduciary duty claims). The court denied summary judgment for Lamore on McKee's claims, rejecting her statute-of-limitations argument because it could "not determine from [her] submission when the publication occurred."[1]

**¶6** After a bench trial, the superior court found that McKee "*handled the original litigation competently and prudently*." Nonetheless, the court entered judgment in Lamore's favor on McKee's claims because it found that the review Lamore posted had been published more than a year before McKee filed suit and was therefore barred by the statute of limitations. Lamore timely appealed from the court's final judgment.

## DISCUSSION

**¶7** On appeal, Lamore challenges (1) the timeliness of the superior court's disposition of McKee's defamation and false light claims, (2) the grant of summary judgment on her counterclaims, (3) the order designating her a vexatious litigant and sanctioning her $300 for her violations of that order, (4) its decision not to sanction McKee, (5) its partial denial of her request for taxable costs, and (6) the assigned judge's impartiality. Lamore also requests we sanction McKee and the assigned judge.

## I. Timeliness of Disposition of McKee's Claims

**¶8** Lamore first contends the superior court needlessly prolonged the case by failing to find McKee's defamation and false light claims were time-barred before trial. In essence, her argument challenges the court's denial of her motion to dismiss and her motions for summary judgment, in which she raised the statute-of-limitations as a defense.

---

[1] Lamore did not include a screenshot of her post in any of her three motions for summary judgment, although she did aver in a supporting affidavit that she posted the review in 2017.

Ultimately, at trial, Lamore prevailed on her statute-of-limitations defense. At this point, we have no legal or procedural basis on which to review the court's previous rulings. Thus, we decline jurisdiction to review the court's denial of her dispositive motions, and we dismiss that portion of her appeal.

## II.     Summary Judgment on Lamore's Counterclaims

**¶9**          Lamore appears to raise issues in her opening brief about McKee's alleged breach of fiduciary duty in his prior representation. All issues raised regarding McKee's prior representation are moot because the statute of limitations barred Lamore's claims. *See Vinson v. Marton & Assocs.*, 159 Ariz. 1, 4 (App. 1988) (explaining that an issue is moot on appeal if "action by the reviewing court would have no effect on the parties").

**¶10**          To the extent Lamore argues the statute-of-limitation were tolled because she did not discover McKee's misconduct until 2019, she has waived that argument by failing to develop it with citations to the record and legal authority. *See Boswell v. Fintelmann*, 242 Ariz. 52, 54, ¶ 7 n.3 (App. 2017) (citing ARCAP 13(a)(7)). Regardless, the superior court correctly concluded that Lamore's claims were more than a decade late, because, given her admitted complaints to McKee in 1998 and to his firm in 2002, she "was on reasonable notice to investigate [McKee's] alleged fault no later than 2002." *See Walk v. Ring*, 202 Ariz. 310, 316, ¶ 24 (2002) (holding that, under discovery rule, statute begins to run when "a reasonable person would have been on notice to investigate."); *see also* A.R.S. § 12-543(3) (defining three-year limitations period for fraud claims); *see also CDT, Inc.*, 198 Ariz. at 175, ¶ 6 (explaining that two-year limitations period applies to breach of fiduciary duty claims).[2] Because Lamore has shown no error with respect to her counterclaims, we affirm the grant of summary judgment in McKee's favor.

## III.     Designation as Vexatious Litigant and Sanctions

**¶11**          Lamore next challenges the superior court's order designating her a vexatious litigant and imposing $300 in sanctions for violating the court's order. Lamore filed an answer and counterclaim in

---

[2]      Lamore has also waived any argument that the limitations period should be tolled because McKee fraudulently concealed his misconduct; she failed to timely raise that argument in the superior court. *See Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utils., LLC*, 227 Ariz. 382, 386, ¶ 12 (App. 2011) (explaining general rule that argument not timely raised in superior court is waived on appeal).

response to McKee's complaint, then proceeded to file a motion to file a counterclaim for "harassment, stress, anxiety," two motions to dismiss, a motion for relief from McKee's "unjustified lying, endless filings," and a series of three motions requesting the court first sanction McKee, then investigate him, and finally charge him with perjury. The court instructed Lamore on the procedures and purpose of motion practice and cautioned her that, should she continue "to repeat [her] position over and over" using "serial filings," it would declare her a vexatious litigant. Lamore did not change her behavior, even after the court issued an order to show cause why it should not deem her a vexatious litigant. So the court issued an order that designated her a vexatious litigant and required her to seek leave to file anything in the matter. The order permitted Lamore to respond to McKee's motions without seeking leave to file.

¶12 Over the next eight months, Lamore filed more than a dozen documents without permission. Four times the court instructed her to comply with the vexatious litigant order, listing and striking her non-compliant filings and warning her that it would impose monetary sanctions for future violations. When Lamore filed another unapproved submission, the court sanctioned her $150 for violating a pre-trial order, citing Rule 16(h) of the Arizona Rules of Civil Procedure (Rule). *See* Ariz. R. Civ. P. 16(h)(1)(A), (h)(2)(B). Lamore then filed yet another unapproved document, and the court sanctioned her an additional $150.

### A.    Vexatious Litigant Designation

¶13 We treat the order designating Lamore a vexatious litigant as a grant of injunctive relief, which we review for an abuse of discretion. *See Madison v. Groseth*, 230 Ariz. 8, 13, ¶ 16 n. 8 (App. 2012); *see also Ahwatukee Custom Estates Mgmt. Ass'n v. Turner*, 196 Ariz. 631, 633–34, ¶ 5 (App. 2000). Arizona courts have both inherent and statutory powers to curtail vexatious litigation with pre-filing restrictions. *Madison*, 230 Ariz. at 14, ¶ 17; A.R.S. § 12-3201. Because the superior court did not cite A.R.S. § 12-3201 as the basis for its vexatious litigant order, we review the order as an exercise of the court's inherent authority.

¶14 To ensure a litigant's fundamental right to access the court is not unduly restricted by pre-filing restrictions, the court must (1) give the litigant notice and an opportunity to oppose the order, (2) list all cases or motions forming the basis for the order, (3) make "substantive findings as to the frivolous or harassing nature of the litigant's actions," and (4) narrowly tailor the order to fit "the specific vice encountered." *Madison*, 230 Ariz. at 14, ¶ 18.

¶15 The superior court complied with these four requirements here. First, in addition to instructing and warning Lamore about her "serial filings," the superior court gave her an opportunity to show cause why it should not impose pre-filing restrictions. Second, the vexatious litigant order cited eight particular filings and, third, found that Lamore "continues filing frivolous submissions that increase the burden on the Court and increase the costs of litigation." Fourth, the court's filing restrictions were narrowly tailored to address only its concerns about Lamore's conduct in the instant matter. And the record supports the court's conclusions about Lamore's filings—they were numerous, frivolous, and frequently procedurally improper. In sum, the superior court did not abuse its discretion in designating Lamore a vexatious litigant, and it did not impermissibly curtail her access to the court.

### B. Rule 16 Sanctions

¶16 We review Rule 16 sanctions for an abuse of discretion. *Taliaferro v. Taliaferro*, 188 Ariz. 333, 339–40 (App. 1996). Under Rule 16(h), "[e]xcept on a showing of good cause, the court—on motion or on its own— must" impose "just" sanctions if a party "fails to obey a . . . pretrial order." Ariz. R. Civ. P. 16(h)(1)(A). These sanctions "must" include a monetary award—for another party's reasonable expenses, as an assessment to the clerk, or both—"[u]nless the court finds the conduct substantially justified or that other circumstances make an award of expenses unjust." Ariz. R. Civ. P. 16(h)(2).

¶17 In this case, the superior court had good cause to sanction Lamore for repeatedly violating its vexatious litigant order. The sanctions were just; the court gave Lamore ample instruction on the proper filing procedure and ample leeway when she repeatedly failed to comply. The court sanctioned Lamore for filing (1) what appeared to be an amended counterclaim after the court had entered summary judgment on Lamore's counterclaims, and (2) a list of 15 filings which contained screenshots of the Ripoff Report website, after the trial had concluded. The court's decision to sanction Lamore $300 for two of more than a dozen violations of a pretrial order was not an abuse of discretion.[3]

---

[3] In her opening brief, Lamore questions whether the ability to pay sanctions should be an issue, citing "Rule 11 4 (I)." Lamore has waived this argument by failing to develop it and failing to cite any relevant legal

## IV.     Court's Failure to Sanction McKee

**¶18**         Lamore also appears to argue the superior court erred by not granting various requests to sanction McKee for perjury. The superior court has inherent authority to sanction litigants for bad faith conduct. *Hmielewski v. Maricopa Cnty.*, 192 Ariz. 1, 4, ¶ 14 (App. 1997) (citing Ariz. R. Civ. P. 11 and Rules of the Arizona Supreme Court). We review the court's denial of sanctions for an abuse of discretion. *Id.* ¶ 13.

**¶19**         On appeal, Lamore cites only one instance of alleged perjury, claiming McKee lied in his complaint by alleging that Lamore replied to McKee's rebuttal post on the Ripoff Report. But McKee amended his complaint to remove that allegation. Lamore failed to provide a transcript of the trial. "[I]n the absence of a transcript, we presume the evidence and arguments presented at the hearing support the trial court's ruling." *Blair v. Burgener*, 226 Ariz. 213, 217, ¶ 9 (App. 2010); *see also* ARCAP 11(c)(1)(A) (appellant must order transcripts not already in the official record if "necessary for proper consideration of the issues on appeal"). Given this record, the superior court did not abuse its discretion in declining to sanction McKee.

## V.     Partial Denial of Request for Costs

**¶20**         Lamore also contends the superior court erred by denying part of her requests for costs. The court awarded Lamore $610 in taxable costs: $245 for her filing fees in McKee's lawsuit (CV 2019-011476) and $365 for her filing fees and the costs of serving her complaint in her lawsuit (CV 2019-056064).[4] The court denied Lamore's request for (1) the sanctions the court imposed against her ($300), (2) her costs for parking ($34), postage ($120), and copies ($412), (3) a filing fee for a notice of appeal ($100), (4)

---

authority. *See Boswell*, 242 Ariz. at 54, ¶ 7 n.3. Regardless, Rule 16(h) does not require the court to consider the sanctioned party's financial resources.

[4]     The basis for the court's award of costs is unclear from the record. The court may have awarded costs to Lamore under A.R.S. § 12-341, which mandates an award of costs to "[t]he successful party" in a civil action, or under A.R.S. § 12-349, which Lamore cited in her request for costs. *See* A.R.S. § 12-341; *see also* A.R.S. § 12-349(A)(1) (mandating award of attorneys' fees and costs where a party brings a claim without substantial justification).

costs she incurred to serve McKee with various court filings ($160), and (5) the fees associated with her applications for fee deferral in the two lawsuits ($30 each). The court explained that Lamore's mailing and printing costs were not taxable and that Lamore's additional service costs were unnecessary, but it did not give reasons for its denial of the remainder of her expenses.

¶21   Whether costs are recoverable presents a question of law, which we review de novo. *See Schritter v. State Farm Mut. Auto. Ins. Co.*, 201 Ariz. 391, 392, ¶ 5 (2001). We review the amount awarded only for an abuse of discretion. *See Fowler v. Great Am. Ins. Co.*, 124 Ariz. 111, 114 (App. 1979). Particular expenses are recoverable only if authorized by statute. *Schritter*, 201 Ariz. at 392, ¶ 6. Generally, costs not listed in A.R.S. § 12-332(A), which defines taxable costs, are not recoverable. *Fowler*, 124 Ariz. at 114.

¶22   Under section 12–332(A), taxable costs include fees of witnesses and officers, costs of taking depositions, compensation of referees, costs of certified copies, surety expenses, and other costs "incurred pursuant to an order or agreement of the parties." Filing fees and the costs of service are recoverable as the fees of officers. *Orosco v. Maricopa Cnty. Special Health Care Dist.*, 241 Ariz. 529, 531, ¶ 10 (App. 2017); *see* A.R.S. § 12-284 (providing that clerk of superior court shall receive filing fees). "Other expenses, including those incurred for photocopying, facsimiles, shipping and travel expenses, are not recoverable as taxable costs." *RS Indus., Inc. v. Candrian*, 240 Ariz. 132, 137, ¶ 16 (App. 2016).

¶23   Here, Lamore's costs for sanctions, parking, postage, and uncertified copies are plainly not recoverable because they are not in the categories defined in A.R.S. § 12-332. Likewise, her appellate filing fee is not recoverable in the superior court because it is a cost incurred on appeal. And, although service costs are a recoverable type of expense, the superior court acted within its discretion in declining to award Lamore expenses that were not "reasonable and necessary." *See Fowler*, 124 Ariz. at 114.

¶24   Whether Lamore's fee-deferral-application fees are taxable under A.R.S. § 12-332 presents a closer question. On one hand, these fees are not required to litigate and do not further any objective in a civil action; they relate solely to the applicant's financial situation. Thus, they could be construed as not recoverable in a civil action because they are not "costs expended or incurred therein." *See* A.R.S. § 12-341. On the other hand, these application fees are paid to the clerk of the superior court, so they are potentially recoverable as the "[f]ees of officers." *See* A.R.S. § 12-332(A)(1). Moreover, up-front application fees may be a barrier to bringing or

defending an action for litigants who cannot afford to pay filing fees.[5] Providing for cost recovery would minimize that barrier, safeguarding indigent litigants' constitutional right of access to courts. *See generally Christopher v. Harbury*, 536 U.S. 403, 415, n.12 (2002).

**¶25**         With these concerns in mind, we hold that application fees are recoverable under A.R.S. § 12-332, as the fees of officers. As with all expenses, however, the superior court has "wide latitude" to deny recovery where these expenses are unreasonable or unnecessary. *Fowler*, 124 Ariz. at 114. Because the reason the superior court declined to award Lamore her fee-deferral-application fees is unclear, we vacate the court's award of costs and remand with instructions to make findings in accordance with this decision.

## VI.    Judicial Bias

**¶26**         Lamore next contends that the judge assigned to her case was biased against self-represented litigants. Bias is "a hostile feeling or spirit of ill-will . . . towards one of the litigants." *Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 63, ¶ 29 (App. 2010) (internal quotation marks omitted). We presume trial judges are free of bias. *Id.* To overcome this presumption, the challenging party must set forth specific facts that prove bias by a preponderance of the evidence. *Id.* Generally, the basis for disqualification "must arise from an extra-judicial source and not from what the judge has done in his participation in the case." *Id.* (internal quotation marks omitted).

**¶27**         As evidence of the assigned judge's bias here, Lamore appears to argue he does not review motions, he made incorrect statements in his rulings, refused to accept proof that McKee's claims were time-barred, and was overly concerned with the format of her filings. For several reasons, these allegations do not meet Lamore's burden of proof.

---

[5]    A party applying for a fee deferral or waiver must pay "the statutory minimum clerk fee" at the commencement of an action or post-adjudication proceeding. Ariz. Code of Jud. Admin. § 5-206(D)(3); *see* A.R.S. § 12-284 (setting "[m]inimum clerk fee" of $30 for "[f]iling any paper or performing any act for which a fee is not specifically prescribed"). The application fee is itself "subject to deferral and waiver," although the code is silent as to whether the clerk may collect the fee before the application is processed. *See* Ariz. Code of Jud. Admin. § 5-206(D)(3).

**¶28** First, all of the evidence Lamore cites concerns the judge's rulings in the case, but "judicial rulings alone almost never constitute a valid basis [to prove] bias." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Second, the record shows the judge acted within his discretion and had good reason to let McKee's claims proceed to trial. Finally, courts must hold "unrepresented litigants in Arizona to the same standards as attorneys," particularly in terms of compliance with procedural rules. *Flynn v. Campbell*, 243 Ariz. 76, 83–84, ¶ 24 (2017). The record shows the judge held Lamore, at most, to the same standard as represented parties and, frequently, gave her extra time to respond, afforded her leeway with procedural and formatting rules, and liberally construed her filings. In sum, Lamore's allegations do not establish the assigned judge harbored any animus against her.[6]

## VII. Requests for Sanctions

**¶29** Lamore requests we sanction McKee under A.R.S. § 12-349 for filing a frivolous lawsuit in bad faith.[7] *See* A.R.S. § 12-349(A) (mandating sanctions for unjustified claims and improper litigation tactics). As a sanction, she seeks an award of her costs in both the superior court and on appeal as well as damages. But the superior court already awarded Lamore her costs. And she did not request damages under A.R.S. § 12-349 in the superior court, so we decline to consider awarding damages for McKee's conduct there. *See Englert v. Carondelet Health Network*, 199 Ariz. 21, 26–27, ¶ 13 (App. 2000) ("[W]e generally do not consider issues . . . raised for the first time on appeal.") In this court, McKee has not taken unreasonable positions or engaged in improper tactics on appeal, so we deny Lamore's request for sanctions under A.R.S. § 12-349.

**¶30** Lamore also requests we "remove," sanction, or award damages against the judge who presided over her case. We lack jurisdiction to grant those requests, were there good cause to do so. In Arizona, the

---

6 Lamore does not appear to challenge the denial of a filing entitled "CORRUPT JUDGE JAMES SMITH," which the superior court denied as a request for a change of judge for cause. *See* Ariz. R. Civ. P. 42.2. Regardless, the court did not err by denying her relief, as Lamore essentially made the same arguments about bias she now raises on appeal.

7 Lamore also appears to raise whether McKee should be disbarred for filing a frivolous claim. We lack jurisdiction to investigate or discipline attorneys for attorney misconduct. In Arizona, complaints about attorney misconduct must be filed with the State Bar of Arizona.

Supreme Court is responsible for judicial discipline. *See Matter of Peck*, 177 Ariz. 283, 284–85 (1994) (explaining that Supreme Court acts as final disciplinary authority for judicial misconduct, after considering recommendations of the Commission on Judicial Conduct). And superior court judges have absolute immunity from civil liability "for their judicial acts, even when such acts . . . are alleged to have been done maliciously or corruptly." *Acevedo by Acevedo v. Pima Cnty. Adult Prob. Dep't*, 142 Ariz. 319, 321 (1984). Therefore, we deny Lamore's requests to remove, sanction, or enter judgment against the Judge.

## CONCLUSION

**¶31**         For the reasons above, we dismiss the portion of Lamore's appeal which challenges the timeliness of the court's disposition of McKee's claims. We vacate the order awarding costs to Lamore and remand for further findings consistent with this decision. We affirm the superior court's remaining rulings in the consolidated cases, and we deny all other relief not specifically addressed in this decision.



AMY M. WOOD • Clerk of the Court
FILED:    AA